THE LITERATI *vs.* BENJAMIN F. HEALD & another.

Middlesex.    March 5. — 8, 1886.    W. ALLEN & HOLMES, JJ., absent.

A bond executed by the treasurer of a corporation was conditioned that he " shall faithfully discharge his said trust as treasurer, and shall take good care of the corporate funds which may come to his hands, and shall make good to the corporation any losses therein which may accrue by reason of any gross neglect or misfeasance of his, during his official service; and shall faithfully fulfil his duties as treasurer, according to the constitution and by-laws " of the corporation. The by-laws provided that it should be the duty of the treasurer to take charge of all moneys belonging to the corporation; to collect all fees and taxes; to pay all bills against the corporation when approved by the board of directors; to keep a full account of all receipts and expenditures in a book belonging to the corporation; and to invest the funds of the corporation, with the approval of the board of directors. In an action upon the bond, the plaintiff introduced evidence tending to show that the defendant refused to assist a person authorized by the directors to collect money due the corporation, by furnishing necessary bills and papers; that a book of records of the corporation was found on the defendant's table with some of the entries torn out; that he took part with others in seeking a dissolution of the corporation; and that he exposed property of the corporation to be attached by a creditor. *Held*, that there was no evidence of a breach of any condition of the bond in suit.

CONTRACT upon a bond, executed by the first-named defendant as principal, and by the other defendant as surety, and conditioned that the principal, who had been elected treasurer of the plaintiff corporation, " shall faithfully discharge his said

trust as treasurer, and shall take good care of the corporate funds which may come to his hands, and shall make good to the corporation any losses therein which may accrue by reason of any gross neglect or misfeasance of his, during his official service; and shall faithfully fulfil his duties as treasurer, according to the constitution and by-laws of said corporate society."

Trial in the Superior Court, before *Blodgett,* J., who allowed a bill of exceptions, in substance as follows:

Article 11 of the by-laws of the plaintiff corporation is as follows: " It shall be the duty of the treasurer to take charge of all moneys belonging to the society; to collect all fees and taxes; to pay all bills against the society when approved by the board of directors; to keep a full account of all receipts and expenditures, in a book belonging to the society; to invest the funds of the society, with the consent and approval of the board of directors; and at the annual meeting to make a full and detailed report in writing, and at such other times as he shall be required by said board."

The plaintiff introduced evidence that the president, being the chairman of the board of directors, sent to the principal defendant two collectors to assist him, the one in January, 1883, by the name of Cressey, and the other in the following March, by the name of Coburn; that through the collections made by Cressey, and from voluntary payments otherwise made, said defendant received considerable funds, and paid some bills, duly approved in writing by the board of directors; that, in the beginning, Coburn, as directed, visited said defendant, claiming of him the necessary bills and papers to aid her in making the collections, which were refused (but the defendant denied in his testimony that he ever so refused); that some time after this, the then president of the corporation, being also one of the board of directors, called at the defendant's office, and, seeing the treasurer's book of records which belonged to the corporation, then being there upon said defendant's table, opened it, no one else being present; that to his surprise he saw and found that all of the many record entries of it had been torn out and were gone; that he then left said office, leaving the book in the same place, but never mentioned this matter to said defendant; that afterwards, at a meeting of the corporation, September 5, 1883, said

defendant brought in another book as his treasurer's book of records, although he now claims the same to be his own property, and in which he has kept his treasurer's account; that at this meeting the board of directors took possession of this book, and have never returned it to the said defendant; that said defendant admitted the existence of said original book of records, yet on notice did not produce it at the trial, and testified that he could not find it, that he did not destroy its contents, and that, in his belief, the president must have taken it away.

There was also evidence tending to prove that afterwards said defendant attended a meeting of the corporation held on April 2, 1884, with the avowed design of breaking up the corporation and procuring its dissolution; and that, after the adjournment of the meeting, he, with some six or eight others, held meetings of their own, wherein said defendant was chosen and accepted a place on a committee to seek the dissolution of the corporation, although it did not appear that he had ever offered to resign his office of treasurer.

There was also evidence tending to show that subsequently one Kiliskie, a constable, called on said defendant, holding a writ against the corporation, and asked said defendant to show him property, and the defendant told him to call again in the afternoon; that he did call again, and thereupon said defendant exposed to him, to be attached, corporate money belonging to the plaintiff to the amount of twenty dollars, which Kiliskie attached and carried away, and still holds, although said suit has been abandoned by the party who brought it; that subsequently one Thompson, having on said April 2, 1884, been chosen or appointed treasurer, with a written order from the chairman of the board of directors, on April 11 duly demanded of said defendant all the corporate money in his hands as former treasurer, and that he refused to comply with the demand, saying he had none.

The defendant at the trial conceded that he was not then a member of the corporation.

The judge instructed the jury, among other things, that, upon the evidence in the case, there had been no breach of the bond, unless they found there was money in the defendant's hands at the date of the demand by Thompson.

The plaintiff asked the judge to instruct the jury, that if, while treasurer, under the evidence, if believed, the defendant did what he appears to have done, he violated the conditions of his bond; but the judge refused so to do.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*R. B. Caverly,* for the plaintiff.

*G. F. Lawton & F. Lawton,* for the defendant.

BY THE COURT. The jury have found that the defendant Heald, the principal obligor in the bond sued on, had not in his hands as treasurer any money of the plaintiff at the time his successor made a demand upon him for funds in his possession. It was not a breach of his duty as treasurer that he exposed property of the corporation to be attached by one of its creditors. There is no evidence, as shown by the bill of exceptions, of a breach of any condition of the bond in suit.

*Exceptions overruled.*